UNITED STATES DISTRICT COURT                **(ECF)**
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
PAUL KOKKINIS, Individually and on :    11 Civ. 0917 (BSJ) (JCF)
Behalf of All Others Similarly     :
Situated,                          :          MEMORANDUM
                                   :          AND  ORDER
                Plaintiff,         :
                                   :
     - against -                   :
                                   :
AEGEAN MARINE PETROLEUM NETWORK     :
INC., NIKOLAS E. TAVLARIOS, PETER  :
GEORGIOPOULOS and SPYROS           :
GIANNIOTIS,                        :
                Defendants.        :
- - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

The complaint in this putative class action alleges that the defendants failed to disclose material adverse facts about the financial condition of Aegean Marine Petroleum Network Inc. in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.  Dino Tesis now moves for appointment as lead plaintiff and for approval of his selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Holzer, Holzer & Fistel LLC ("Holzer") as lead counsel for the class.  For the reasons that follow, the motion is granted.

Discussion

The Private Securities Litigation Reform Act (the "PSLRA") establishes the procedure for appointment of a lead plaintiff in

any "private action . . . that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1); see also 15 U.S.C. § 78u-4(a)(3)(B)(i). Initially, the plaintiff must publish notice of the pendency of the action in a "widely circulated national business-oriented publication or wire service," including notice that any member of the class may move to be appointed as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). In this case, adequate notice was published on February 9, 2011 in Business Wire, a national wire service. ("Robbins Geller Rudman & Dowd LLP Files Class Action Suit against Aegean Marine Petroleum Network Inc.," Business Wire, Feb. 9, 2011, attached as Exh. A to Declaration of David A. Rosenfeld dated April 11, 2011 ("Rosenfeld Decl.")).

The PLSRA further provides that there shall be a rebuttable presumption that the most adequate plaintiff is the person who (1) filed the complaint or makes a timely motion to be appointed lead plaintiff, (2) has the largest financial stake in the litigation, and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii). Mr. Tesis meets each of these requirements. He filed his motion on April 11, 2011, within the required period after notice was published. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). He has a substantial financial interest in the lawsuit, having lost more

than $70,000.00 in connection with the securities at issue. (Securities Transactions, attached as Schedule A to Certification of Dino Tesis dated Feb. 14, 2011 ("Tesis Cert."), attached as Exh. B to Rosenfeld Decl.; Movant's Purchases and Losses, attached as Exh. C to Rosenfeld Decl.).  And, since no other class member has sought to be designated lead plaintiff, no one has demonstrated a greater financial interest than his.  Vanamringe v. Royal Group Technologies Ltd., 237 F.R.D. 55, 58 (S.D.N.Y. 2006) (appointing investor group as lead plaintiff where it suffered losses of $6,466.74, and no other shareholder sought to be appointed); Bassin v. deCODE Genetics, Inc., 230 F.R.D. 313, 316 (S.D.N.Y. 2005) (appointing investor who lost $52,450.59 lead plaintiff in absence of financial information from other parties).

In order to satisfy the requirements of Rule 23, Mr. Tesis must demonstrate that his claims are typical of the class and that he will be an adequate class representative.  See Vanamringe, 237 F.R.D. at 58. "[T]ypicality is easily met here as [Mr. Tesis'] 'claim arises from the same course of events' and 'each class member makes similar legal arguments to prove the defendants' liability' even if there are minor variations in the factual allegations."  Id. (quoting The Constance Sczesny Trust v. KPMG LLP, 223 F.R.D. 319, 324 (S.D.N.Y. 2004)).  Furthermore, based on Mr. Tesis' representations in his certification, he is likely to

fairly and adequately represent the interests of the class.  (Tesis Cert.) see also City of Monroe Employees' Retirement System v. Hartford Financial Services Group, Inc., 269 F.R.D. 291, 293 (S.D.N.Y. 2010) (presumption must be rebutted by proof that lead plaintiff will not fairly and adequately represent class).

Having established that Mr. Tesis is an appropriate lead plaintiff, his choice of lead counsel is entitled to deference.  In re Able Laboratories Securities Litigation, 425 F. Supp. 2d 562, 573-74 (D.N.J. 2006); see also In re Smith Barney Transfer Agent Litigation, No. 05 Civ. 7583, 2006 WL 991003, at *6 (S.D.N.Y. April 17, 2006).  In this case, both the Robbins Geller firm and the Holzer firm have substantial experience as lead counsel in securities class actions.  (Robbins Geller Rudman & Dowd LLP firm résumé, attached as Exh. D to Rosenfeld Decl.; Holzer, Holzer & Fistel LLC firm résumé, attached as Exh. E to Rosenfeld Decl.).  Accordingly, it is appropriate to approve these firms as lead counsel.

Conclusion

For the reasons discussed above, Dino Tesis' motion for appointment as lead plaintiff and for approval of his choice of lead counsel (Docket no. 7) is granted.

4

SO ORDERED.


JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE


Dated:      New York, New York
            May 19, 2011


Copies mailed this date to:

Samuel H. Rudman, Esq.
Robbins Geller Rudman & Dowd LLP
58 South Service Road, Suite 200
Melville, New York  11747

Jeffrey A. Berens, Esq.
Dyer & Berens LLP
303 East 17th Avenue, Suite 300
Denver, CO  80203

Michael I. Fistel, Jr., Esq.
Marshall P. Dees, Esq.
Holzer Holzer & Fistel LLC
200 Ashford Center North, Suite 300
Atlanta, GA  30338

David A. Rosenfeld, Esq.
Robbins Geller Rudman & Dowd LLP
58 South Service Road, Suite 200
Melville, New York  11747